

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 2, 2016

The Honorable C.R. Kit Bramblett
Hudspeth County Attorney
Post Office Box 221528
El Paso, Texas 79913-1528

Opinion No. KP-0079

Re: Administration and audit of accounts maintained by a county sheriff (RQ-0065-KP)

Dear Mr. Bramblett:

You identify several accounts maintained by the Hudspeth County sheriff and ask to what extent the county auditor has authority over their administration.[1] You explain that the respective accounts hold: (1) "funds received on bail bonds and other general sheriff's business"; (2) commissary funds deposited by inmates; (3) funds seized for civil asset forfeiture purposes; (4) funds forfeited under civil asset forfeiture proceedings; and possibly (5) "inmate phone revenue." Request Letter at 1. You tell us that the sheriff currently maintains the accounts in his own name, "independently from the county auditor and county treasurer" and that the sheriff "exclusively controls expenditures" from the accounts. *Id.* You also tell us the sheriff asserts that all of "the accounts are Sheriff's funds and not county funds" and that the auditor is thus without authority to oversee or require the auditor's countersignature on the accounts at issue.[2] *Id.* at 2.

We begin by reviewing the statutory authority of the county auditor, which is found in several chapters of the Local Government Code. The auditor has "general oversight of the books and records of a county . . . officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE § 112.006(a). The auditor must maintain an account for each such authorized county officer and require the officer to supply statements to the auditor. *Id.* § 112.005(a), (c). The auditor must also keep a general set of transactional records of those accounts, showing all the receipts and disbursements. *Id.* § 112.007; *see also* Tex. Att'y Gen. Op. No. DM-247 (1993) at 7 (concluding that the auditor must comply with sections 112.005 and 112.007 in the context of

---

[1]*See* Letter from Honorable C.R. Kit Bramblett, Hudspeth Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 28, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Through subsequent correspondence, you clarify that the county auditor's access to the accounts at issue has not actually been withheld and that the sheriff has agreed that all checks in the future will be signed by two people. *See* Letter from Honorable C.R. Kit Bramblett, Hudspeth Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 25, 2016) (on file with the Op. Comm.). Because your correspondence is informational in nature and does not withdraw any part of your original request, we have not narrowed the scope of our analysis.

forfeiture fund transactions of law enforcement agencies).  In a county with a population of 190,000 or less, a county officer must keep a record of fees earned and of money received "as deposits for costs, trust fund deposits in the registry of a court, fees of office, and commissions."[3] TEX. LOC. GOV'T CODE § 114.041(a).  Each year, the auditor must examine these records and corresponding accounts and report the findings to the next grand jury or district court.  *Id.*  The auditor may also adopt and enforce regulations he or she "considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county." *Id.* § 112.001 (applicable to a county with a population of less than 190,000).

The auditor also has broad auditing authority, for which the auditor "shall have continual access to and shall examine and investigate the correctness of . . . the books, accounts, reports, vouchers, and other records of any officer." *Id.* § 115.001(1); *see also id.* § 115.0035(a)–(b) (requiring the auditor to examine the accounts of public funds that are subject to the control of any county official, "including the accounts of law enforcement agencies . . . composed of money and proceeds of property seized and forfeited to those officials," and to do so at least once each fiscal year, or more often if the auditor desires).  In particular, the auditor is directed to "examine the accounts, dockets, and records of . . . the sheriff . . . to determine if any money belonging to the county and in the possession of the officer has not been accounted for and paid over according to law." *Id.* § 115.901(a).

The general rule is that a person who collects "fees, commissions, funds, and other money belonging to a county" must deposit the money with the county treasurer, who then places the money "in the proper fund" in the county depository "to the credit of the person or department collecting the money." *Id.* § 113.021(a)–(b); *see also id.* §§ 113.001 (designating the county treasurer as the "chief custodian of county funds"), .003 (providing that the county treasurer "shall receive all money belonging to the county from whatever source it may be derived").  Thus, this office has previously concluded that a sheriff, among other officers, is not authorized to establish individual bank accounts for the county funds collected, have his name on the signature card, and sign checks on that account or otherwise control and withdraw funds, absent a statute directing otherwise.  Tex. Att'y Gen. Op. No. GA-0636 (2008) at 4.  Against this general rule, we consider the specific funds you raise questions about.

Bail bond funds are deposited "with the custodian of funds of the court in which the prosecution is pending." TEX. CODE CRIM. PROC. art. 17.02.  However, if cash bail bond funds cannot be deposited with a court because no case has yet been filed, a sheriff may keep the funds "in a separate interest bearing account at the county depository" outside of the county treasury account, assuming there is no statutory directive otherwise.  Tex. Att'y Gen. Op. No. JC-0195 (2000) at 5.  Funds deposited by inmates for use in the county jail commissary are kept by the sheriff in an account that serves as a depository for all inmates' personal funds.  *See* 37 TEX. ADMIN. CODE § 265.10 (2015) (Tex. Comm. on Jail Standards, Inmate Property Checking); *id.*

---

[3]The population of Hudspeth County is 3,476.  *See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2010 CENSUS OF POPULATION, http://quickfacts.census.gov/gfd/.

§ 269.1(2)(L) (Record System) (requiring a sheriff to "maintain . . . receipts and expenditures of inmate accounts"); TEX. LOC. GOV'T CODE § 351.002 (authorizing the Commission on Jail Standards to promulgate rules governing the operation of county jails). Unlike the proceeds of the commissary itself, however, which funds are in the "exclusive control" of the sheriff and may thus be held outside the county treasury, personal funds of inmates are not directed to be held in any particular place or manner. TEX. LOC. GOV'T CODE § 351.0415(b)(1). Thus, a prior opinion of this office concluded that in the absence of a statutory or regulatory directive, a sheriff has the discretion to decide where to place inmates' money for safekeeping, including in an account, but that the sheriff's discretion "may be limited by the county auditor." Tex. Att'y Gen. Op. No. DM-282 (1994) at 4–5; see also Tex. Att'y Gen. Op. No. GA-0791 (2010) at 3 (concluding that commissary proceeds do not have to be deposited with the county treasurer, although they are subject to the limits of section 351.0415, which include audit by the county auditor).

Seized asset forfeiture funds, to the extent they constitute a "judgment, fine, forfeiture, or penalty that is payable to and rendered in any court of the county and that the sheriff is charged by law to collect," must be kept in an account maintained by the county clerk pursuant to section 112.051(a) of the Local Government Code. See TEX. LOC. GOV'T CODE § 112.051(a). Funds forfeited under asset forfeiture proceedings and distributed to county law enforcement agencies pursuant to a local agreement with the attorney representing the state are placed in "a special fund in the county treasury." TEX. CODE CRIM. PROC. art. 59.06(c)(3).

Finally, regarding inmate phone revenue, you do not indicate the source of such funds. Revenue deriving from prepaid phone cards are part of the sheriff's commissary proceeds, which may be held outside the county treasury, whereas revenue from pay telephones and telephone services are not, in which case they are paid to the county treasurer. Tex. Att'y Gen. Op. No. GA-0814 (2010) at 3–5. In summary, cash bail bond funds from no-filed cases, personal inmate funds, and revenue from prepaid phone cards may be maintained outside the county treasury by the county sheriff. Seized funds, forfeited funds, and revenue from pay telephones and telephone services must be held in the county treasury.

The characterization of funds as "county money" does not, however, determine whether they are subject to audit by the county auditor. This office has concluded on multiple occasions that the auditor is authorized to audit all funds held by a county officer in his official capacity "whether or not they are county funds." Tex. Att'y Gen. Op. Nos. GA-0704 (2009) at 2 (concerning accounts held by the sheriff, including commissary and forfeiture funds); JM-702 (1987) at 1 (concerning inmate trust account and jail commissary accounts held and operated by sheriff); H-1185 (1978) at 1 (concerning bail bond funds held in trust by sheriff). Assuming the accounts you identify contain funds held by the county sheriff in his official capacity, they are all subject to audit by the county auditor regardless of whether they are held in the county treasury.

Finally, you raise the issue of the auditor's countersignature. The county treasurer and the county depository may not pay a check or order for payment "unless it is countersigned by the county auditor to validate it as a proper and budgeted item of expenditure." TEX. LOC. GOV'T CODE § 113.043. The countersignature requirement is generally for "checks and warrants drawn against the county treasury." Tex. Att'y Gen. Op. No. JC-0195 (2000) at 5. This office has concluded that a sheriff's authority to maintain an account outside the county treasury may

nonetheless be limited by the auditor's authority under Local Government Code 112.002(b) to impose regulations for the proper accounting of funds and other revenues, including non-county funds "that belong to . . . a person . . . for whose use or benefit the [county] officer holds or has received funds." Tex. Att'y Gen. Op. Nos. JC-0195 (2000) at 5–6 (concluding that such authority included requiring the auditor's signature on a trust account held by the sheriff outside the county treasury); DM-282 (1994) at 4–5 (concerning personal inmate funds); *see also* TEX. LOC. GOV'T CODE § 112.002(b). However, section 112.002(b), on which these conclusions were based, is applicable only in a county with a population 190,000 or more. *See* TEX. LOC. GOV'T CODE § 112.002(a). The corresponding authority to impose regulations given to an auditor in a county of less than 190,000 in section 112.001 extends only over county funds. *See id.* § 112.001; *see also* Tex. Att'y Gen. Op. No. JM-1263 (1990) at 2 (explaining that the auditor's authority in section 112.001 "plainly extends only over funds that 'belong to the county'"). Thus, in a county with a population of less than 190,000, unless a statute provides otherwise, a court would have a basis to conclude that there is no authority to require an auditor's countersignature on sheriff's funds properly held outside the county treasury.

## S U M M A R Y

Although the county sheriff has limited authority to maintain certain funds outside of the county treasury, all funds held by the sheriff in his official capacity are subject to oversight and audit by the county auditor, whether or not they are county funds.

In a county with a population of less than 190,000, unless a statute provides otherwise, a court would have a basis to conclude that there is no authority to require an auditor's countersignature on sheriff's funds properly held outside the county treasury.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee